UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSEFINA MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. M-08-235 |
| | § | |
| PRUDENTIAL FINANCIAL, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANT PRUDENTIAL'S MOTION FOR JUDGMENT ON THE PLEADINGS, GRANTING DEFENDANTS WAL-MART'S AND MERCADO'S MOTION TO DISMISS STATE LAW CLAIMS, DENYING DEFENDANT WAL-MART'S MOTION TO DISMISS ERISA CLAIMS, GRANTING DEFENDANT MERCADO'S MOTION TO DISMISS ERISA CLAIMS, AND GRANTING DEFENDANTS' MOTION TO STRIKE JURY TRIAL

Now before the Court are Prudential Defendants' 12(c) Motion for Judgment on the Pleadings (Doc. 7), Defendants Wal-Mart's and Mercado's 12(b)(6) Motion to Dismiss (Doc. 9), and all Defendants' Motion to Strike Jury Trial (filed by Prudential at Doc. 10; joined by Wal-Mart and Mercado at Doc. 14). For the reasons articulated below, Prudential's 12(c) Motion is GRANTED, Mercado's 12(b)(6) Motion is GRANTED, Wal-Mart's 12(b)(6) Motion is GRANTED IN PART and DENIED IN PART, and the Motion to Strike Jury Trial is GRANTED.

**I.     Background**

Plaintiff Josefina Morales ("Plaintiff" or "Morales") filed this suit in state court against Prudential Financial, Inc., The Prudential Insurance Company (collectively, "Prudential"), Wal-Mart Stores, Inc. ("Wal-Mart"), and Martha Mercado ("Mercado"). Defendants removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1).

Plaintiff is the widow of Anastacio Morales Hernandez. Wal-Mart was his employer immediately preceding his death, and Mercado was a human resources manager at Wal-Mart. Prudential was the insurance provider under his employee benefits plan. (Doc. 1, Ex. B at 3).

Plaintiff says her late husband was diagnosed with cancer in late September 2006 and hospitalized. She claims he worked for several weeks after that and had illness premiums deducted from his pay, but eventually became unable to work so there was no pay from which premiums could be deducted. *Id.* at 4. When that occurred, Plaintiff said Mercado told the family it could retain his life insurance coverage by paying the premiums out of pocket. She says that the family complied, but after Mr. Morales's death in October of 2006, Defendants refused to pay any life insurance on the grounds that no policy was in effect. *Id*.

Plaintiff now claims violations of ERISA, breach of agreement, intentional misrepresentation, and breach of duty of good faith against all Defendants and, in the event that her late husband was not covered by any ERISA plan, fraud and breach of contract solely against Wal-Mart and Mercado. *Id*. at 5-7.

**II.     Parties' Arguments**

All Defendants argue that this suit is an action under ERISA so all state claims are preempted by the statute as a matter of law. (Doc. 7 at 1-2; Doc. 9 at 2). The Plaintiff responds that the state actions are pleaded in the alternative in the event the Court finds there was no life insurance policy in effect. (Doc. 17 at 2; Doc. 30 at 3-4) (citing *Daniels v. Contract Land Staff, Inc.*, No. C-06-517, 2007 WL 128907 (S.D. Tex. Jan. 12, 2007)). Plaintiff also suggests that ERISA preemption might not occur here because this case

could fit into safe harbors laid out by *Parra v. Mountain States Life Ins. Co. of Am.*, 52 F.3d 1066 (5th Cir. 1995). (Doc. 30 at 5). Prudential replies that whether or not a plan was in effect is in itself an ERISA-based determination. (Doc. 19 at 2). All Defendants argue that *Daniels* actually weighs in favor of preemption because the plaintiff in *Daniels* was not seeking benefits under an employee benefits plan, while Morales is seeking plan benefits here. (Doc. 31 at 2; Doc. 32 at 2). All Defendants also cite *Cox v. Bateman Eichler*, 765 F. Supp. 601, 605 (N.D. Cal. 1990) to support preemption. (Doc. 31 at 4; Doc. 32 at 3). Prudential additionally argues reference to *Parra* is not sufficient to establish safe harbors here and that *Parra* is inapplicable. (Doc. 32 at 3).

Additionally, Defendants Wal-Mart and Mercado argue that they are not proper defendants in an ERISA claim because they are not "administrators" as defined by the statute. (Doc. 9 at 2). The Plaintiff responds that Wal-Mart is an administrator and cites an Arkansas case involving a similar group of defendants in which she claims both Wal-Mart and Prudential were declared plan administrators. (Doc. 16 at 2). Wal-Mart and Mercado reply that the Arkansas case is unrelated to this one and that ERISA definition of "administrator" is clear. (Doc. 31 at 5). They also point out that Plaintiff gives no reason as to why Mercado is a proper party. *Id*.

Finally, all Defendants move to strike Plaintiff's jury demand because ERISA does not provide a right to a trial by jury. (Doc. 10). Plaintiff does not respond.

### III.   Standard of Review

#### a.   12(b)(6) Motion for Dismissal

Motions to dismiss for failure to state a claim are "'viewed with disfavor and rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.

2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  While the plaintiff's complaint need not contain "detailed factual allegations, [its] obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." *Id.* at 1964-65 (quotations and citations omitted).

### b. Motion for Judgment on the Pleadings

The same standard applies to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### IV.  Authority and Analysis

### a. Defendants' 12(c) and 12(b)(6) Motions: State Law Claims

Plaintiff Morales's argument—that ERISA should not preempt her state claims because Defendants deny that her husband was participating in the Plan at the time of his death—is contrary to precedent.  Morales is suing as would-be beneficiary under an ERISA plan, her claims "relate to" the Plan, and the Plan does not fit into any safe harbor.

The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. *Aetna Health Ins. v. Davila,* 542 U.S. 200, 208 (2004). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." *McAteer v. Silverleaf Resorts, Inc*., 514 F.3d 411, 416-417 (5th Cir. 2008).

There is a two-pronged test to decide whether a claim "relates to" the ERISA plan and is preempted. If "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries" then it is preempted by ERISA. *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co*., 904 F.2d 236, 245 (5th Cir. 1990). This test indisputably indicates that the Plaintiff's claims relate to an ERISA plan. Morales is suing in part "as representative of all beneficiaries of Anastacio Moralez Hernandez life insurance plans." (Doc. 1, Ex. B at 2). Clearly this suit has to do with the right to receive benefits under the terms of an ERISA plan and meets criterion (1) above. First-party beneficiary claims are "causes of action … normally preempted by ERISA." *Cypress Fairbanks Med. Ctr. Inc. v. Pan-American Life Ins. Co*., 110 F.3d 280, 284 (5th Cir. 1997). Criterion (2) is also met: this suit affects the relationship between the employer (Wal-Mart), the plan (Prudential) and the plan beneficiaries (Morales). Consequently, this claim relates to an ERISA plan and thus all state law claims are superceded

The Plaintiff has suggested that the plan might fit into a "safe harbor." The so-called safe harbor provision promulgated by the U.S. Department of Labor excludes a

plan from ERISA if all of the following conditions are met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no consideration or profit from the plan. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). Here, Wal-Mart contributes to the Plan, therefore the second element of the *Meredith* test is not met. (Doc. 11, Ex. A at 62-65 (also at 21, 30, 114, 118)).[1] As all of these conditions must be in place for a plan to fit within the safe harbor exclusion, the failure of element (2) means that the Plan at hand does not fit within a statutory safe harbor and thus is not excluded from ERISA coverage.

Plaintiff attempts to show that she can plead state-law claims in the alternative by relying on *Daniels*, but her reliance on *Daniels* is misplaced. In *Daniels*, as in the instant case, the plaintiff was a widow who sued her late husband's employer and insurer. 2007 WL 128907 at *1. And like the instant case, the insurer denied the existence of the policy at the time of death. *Id*. But beyond these analogous facts, the cases can be distinguished from one another. Most importantly, Mrs. Daniels was suing *because an insurance policy was never established*; she was *not* suing to enforce her benefits as a plan participant or beneficiary. *Id*. at *3. Here, however, Plaintiff is trying to recover as a beneficiary under the policy. (Doc. 1, Ex. B at 2). This distinction alone makes any holding from *Daniels* inapplicable to the instant case. Additionally, Daniels was not suing the insurer at all, which further showed that she was not seeking to enforce the

---

[1] A court generally must limit itself to the complaint and its proper attachments when considering a Rule 12(b)(6) motion. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). But one can consult documents attached to a defendant's motion if "'they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Here, the Plan is clearly central to Plaintiff's claim for benefits under said Plan, and it is specifically referred to in her complaint. (Doc. 1, Ex. B at 3). Therefore the Court properly considers the Plan in ruling on the 12(b)(6) motion.

ERISA plan. 2007 WL 128907 at *3. Here, Plaintiff is suing the insurer, Prudential. Accordingly, while the holding in *Daniels* may permit plaintiffs who are not suing as beneficiaries to plead state law claims in the alternative, it does not suggest that this Plaintiff can plead state claims in the alternative and avoid preemption simply because Defendants have attempted to deny coverage. If plaintiffs were permitted to make state claims every time a defendant denied policy coverage, ERISA would rarely preempt state claims at all. *Daniels* cannot be interpreted in this manner because it would subvert Congress's intent to create a universal employee benefit regime.

Other courts have dealt with this question and come to the same conclusion we have here: "Plaintiffs may not assert preempted state law claims, even in the alternative; if ERISA operates to preempt plaintiffs' state law claims, preemption is mandatory." *Cox v. Bateman Eichler, Hill Richards, Inc.*, 765 F.Supp. 601, 605 (N.D. Cal. 1990) (quoting *Pane v. RCA Corp.*, 667 F.Supp. 168, 172 (D.N.J. 1987), *aff'd*, 868 F.2d 631 (3d Cir. 1989)); *see also Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 953 (N.D. Ill. 2003) (ERISA preemption does not "allow for plaintiffs to plead alternative claims in the event their ERISA claims fail").

Accordingly, the Court finds no justification which would allow it to permit the state law claims to survive. Therefore it is **ORDERED** that Plaintiff's state law claims against Defendants Wal-Mart and Mercado are **DISMISSED** and Prudential Defendants' Partial Judgment on the Pleadings is **GRANTED**.

### b. Defendants' Motion to Strike Jury Demand

Defendant Prudential asks the Court to strike Plaintiff's jury trial demand because this is an ERISA action and ERISA does not provide a right to a jury trial. (Doc. 10 at 1).

Defendants Wal-Mart and Mercado join in this motion. (Doc. 14). Plaintiff does not respond.

Defendants are correct that ERISA claims do not entitle a plaintiff to a jury trial. *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (citing *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980)). Because the Court has disposed of all state law claims, the Plaintiff's only remaining claims are pursuant to ERISA. Accordingly, Plaintiff's jury demand is **STRUCK**.

### c. Wal-Mart's 12(b)(6) Motion: ERISA Claims

Wal-Mart and Mercado argue that "the only proper defendants to a claim for benefits under ERISA § 1132(a)(1)(B) consist of the plan, plan administrator or claims administrator." (Doc. 9 at 6-7) (citing *Kinnison v. Humana Health Plan of Texas, Inc.*, No. C-07-381, 2008 WL 2446054, at *10 (S.D. Tex. June 17, 2008); *Carroll v. United of Omaha Life Ins. Co.*, 378 F. Supp.2d 741, 747 (E.D. La. 2005)). They say they are not "the Plan, the Plan Administrator or the Claims Administrator" as defined by ERISA and thus that they are not proper defendants. (Doc. 9 at 2). The Court agrees that neither Wal-Mart nor Mercado are administrators as defined by the statute, but does not agree that ERISA claims against Wal-Mart must be dismissed as a consequence.

ERISA provides that the term "Administrator" means the "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). Here, the Plan description designates the "Administrative Committee Associates' Health and Welfare Plan" as the plan administrator. (Doc. 11, Ex. 2 at 162). The Plan also designates the Prudential Insurance Companies of America as claims administrator. *Id*. at 159 (while it does not use the title "claims administrator,"

it clearly directs employees to Prudential to file a claim or appeal denials of claims). As a result, it is clear that the Administrative Committee is the plan administrator and Wal-Mart is not.²

While Wal-Mart is not an ERISA administrator, the company overstates the case law when it asserts that "the only proper defendants to a claim for benefits under ERISA § 1132(a)(1)(B) consist of the plan, plan administrator or claims administrator." (Doc. 11 at 6-7). The cases Wal-Mart cites to support this claim actually focus on which entity made the coverage decision rather than which entity carried the formal label "plan administrator." *Kinnison* holds that the proper defendant is the one "with ultimate authority to determine eligibility for benefits" and *Carroll* holds that the key factor is which party made the final decision to determine benefits. 2008 WL 2446054 at *10; 378 F.Supp.2d at 747. Thus, under this line of cases, Wal-Mart itself could be a proper defendant if it had ultimate authority to decide benefits. Moreover, *Carroll* notes that courts in other circuits have indicated that plan beneficiaries can maintain suits against employers "when it was the employer's decision to deny benefits" and when the employer is the "plan administrator *or plan sponsor*." 378 F.Supp.2d at 746 (emphasis added). ERISA defines "plan sponsor" as "the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C.A. § 1002

---

² Plaintiff's reference to an Arkansas case in which she claims both Wal-Mart and Prudential were declared plan administrators is not dispositive. (Doc. 16 at 2) (citing *Grimes v. Prudential Fin. Inc.*, No. 3:05CV00188, 2006 WL 2990025 (Oct. 18, 2006)). In *Grimes*, the court assumed without discussion that Wal-Mart Stores, Inc. was a plan administrator. 2006 WL 2990025 at *1 and *7. It appears that none of the parties questioned Wal-Mart's status, so the court made no specific ruling in regards to it. Moreover, the exact language of Grimes's policy is not evident in the record. Since the ERISA definition of "administrator" depends on the language of a particular employee benefits plan, whether or not an employer will be the plan administrator in a given suit depends on the language of the plan in question. Because there is no evidence that Grimes's plan was identical to Morales's, *Grimes* provides little guidance as to whether Wal-Mart is a plan administrator in the instant case.

(16)(B). Here, the Plan description reveals that it is maintained solely by Wal-Mart. (Doc. 11, Ex. 2). Thus, since Wal-Mart was Mr. Morales's employer, Wal-Mart is the "plan sponsor." Therefore, following *Carroll*, a beneficiary such as Morales could maintain a suit against a plan sponsor such as Wal-Mart if it was Wal-Mart's decision to deny benefits.

Accordingly, the determination of whether or not Wal-Mart is a proper defendant here turns not on its being an "administrator," but rather on whether or not the company itself made the final decision in denying coverage. In Plaintiff's original complaint, she asserts that all Defendants—presumably including Wal-Mart—wrongfully denied coverage. (Doc. 1, Ex. B at 4).[3] She also pleads that Wal-Mart is a proper defendant as the "employer of the participant and as fiduciary and/or plan and claims administrator." *Id*. Plaintiff's allegations that all Defendants were responsible for the coverage decision and that Wal-Mart was her husband's employer (implying it was also the plan sponsor), when viewed in the light most favorable to the Plaintiff, could show that Wal-Mart is a proper defendant. *See Wilson v. Kimberly-Clark Corp.*, No. 07-60289, 2007 WL 3251684, at *4 (5th Cir. 2007) (not selected for publication) (determining that district court erred in granting motion to dismiss plaintiff's claims against his employer when plaintiff alleged that employer was responsible for failing to pay benefits). Accordingly, the Court finds that Plaintiff has successfully stated a claim on which relief could be

---

[3] Plaintiff specifically asserts in a response to the instant motions that the decision to deny coverage was made by Wal-Mart's own benefits department. (Doc. 16 at 2). She supports this assertion by providing a copy of a letter written by Wal-Mart Benefit Services which denies coverage. *Id*. at 15. But this letter does not fit into the *Collins* exception for documents outside the pleadings which can be considered in a motion to dismiss because the complaint does not refer to it. Therefore, for the Court to consider the letter it would have to convert the 12(b)(6) motion into one for summary judgment. Instead, in its discretion, the Court declines to consider this attachment and decides this motion solely on the pleadings. *Simmang v. Tex. Bd. of Law Examiners*, 346 F.Supp.2d 874, 890 (W.D. Tex. 2004).

granted against Wal-Mart and **DENIES** Wal-Mart's Motion to Dismiss Plaintiff's ERISA claims.

### d.  Mercado's 12(b)(6) Motion: ERISA Claims

Defendants Wal-Mart and Mercado also point out that Plaintiff gives no reason as to why Mercado is a proper party.  (Doc. 31 at 5).  Mercado, like Wal-Mart, is presumably included in "Defendants" whom Plaintiff claims participated in the denial of coverage of her husband's policy.  But while Plaintiff pleads that Wal-Mart is a proper party defendant because of its role as employer, she does not plead that Mercado is a proper defendant at all.  (Doc. 1, Ex. B at 4).  Since Mercado is neither a plan administrator nor a plan sponsor under ERISA, she would not be a proper defendant even if she were involved in the coverage decision.  Accordingly, Plaintiff fails to state a claim against Mercado.  Plaintiff's ERISA claims against Mercado are **DISMISSED**.

### V.    Conclusion

For the aforementioned reasons, all Defendants' 12(c) or 12(b)(6) Motions are **GRANTED** as to Plaintiff's state law claims, Defendants' Motion to Strike Plaintiff's Jury Demand is **GRANTED**, Defendant Wal-Mart's 12(b)(6) Motion is **DENIED** as to Plaintiff's ERISA claims, and Defendant Mercado's 12(b)(6) Motion is **GRANTED** as to Plaintiff's ERISA claims.  Thus, Mercado is terminated as a party.  The only remaining causes of action in this suit are Plaintiff's ERISA claims against Defendants Prudential Financial, Inc., The Prudential Insurance Company, and Wal-Mart Stores, Inc.

SO ORDERED this 5th day of February, 2009, at McAllen, Texas.

_____
Randy Crane
United States District Judge